UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY NATIONAL TITLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SMALL BUSINESS ADMINISTRATION; PLACER COUNTY ENVIRONMENTAL HEALTH; ALLEN R. FRUMKIN; FREDERICK W. HODGSON; LINDA HODGSON; and DOES 1 through 20, inclusive,<br><br>Defendants. | No.: 2:13-cv-02030-KJM-AC<br><br><br>ORDER |

AND RELATED COUNTER/CROSS CLAIMS

    Currently pending before the court are the Motion for a More Definite Statement (ECF 39) and Motion to Strike (ECF 40) filed by plaintiff-counterdefendant Fidelity National Title Company ("Fidelity"). Defendants-counterclaimants Frederick and Linda Hodgson ("the Hodgsons") oppose both motions. (ECFs 48, 49.) The court submitted the motions without a hearing and as explained below, the court DENIES both motions.

I.  BRIEF BACKGROUND

    Because the facts of the underlying interpleader action are known to the parties and because the court provided a detailed description of the facts in a prior order (ECF 32), the

1

1    court provides only a brief summary of the relevant background.  Fidelity commenced this
2    interpleader action in the Placer County Superior Court in 2013, alleging it possessed surplus
3    proceeds from a non-judicial sale of a California property ("the Property").  Fidelity averred that
4    because the Hodgsons, along with the other defendants, claimed an interest in those proceeds, an
5    interpleader action was proper.  (*See generally* Notice of Removal, Ex. A, ECF 1.")
6    Subsequently, one of the defendants, the United States Small Business Administration ("SBA"),
7    removed the action to this court, alleging jurisdiction under 28 U.S.C. § 1444.  (*Id.*)

8    After the SBA and the Hodgsons filed their respective answers (ECFs 3, 5), the
9    Hodgsons filed a motion to amend their answer to assert a counterclaim (ECF 8) and a motion to
10   join necessary parties (ECF 9).  On May 12, 2014, the court granted both motions; thus permitting
11   the Hodgsons to file six permissive counterclaims against Fidelity and against the following
12   parties: (a) East Bay Investors, LLC ("EBI"); (b) Ferrari Investment, LLC; (c) David J. Ferrari;
13   and (d) John C. Rogers.  (ECF 32 at 17.)  Those claims are: (1) cancellation of instruments;
14   (2) breach of contract; (3) violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.
15   § 1691 *et seq.*; (4) elder abuse under California Civil Code section 1575; (5) elder abuse under
16   California's Welfare & Institutions Code sections 15600–15610.65 and 15657–15657.5; and
17   (6) violation of California Business and Professions Code § 17200 *et seq.*  (*See generally* ECF
18   33.)  Additionally, the Hodgsons have filed a negligence claim against Bank of the West, N.A.
19   (ECF 33 at 30.)

20   II.     MOTION FOR A MORE DEFINITE STATEMENT

21   In its motion for a more definite statement, Fidelity "begs this [c]ourt to require the
22   [Hodgsons] to provide a clear and concise [counterclaim] explaining what they believe [Fidelity]
23   did wrong, when it did it, who they allege did it and where any alleged wrongdoing took place."
24   (ECF 39 at 3.)  Otherwise, Fidelity reasons, it "will remain mysteriously grouped with parties it
25   does not know, serve or recognize."  (*Id.* at 4.)

26   The Hodgsons respond they specifically alleged that on the day of the foreclosure
27   sale, Fidelity proceeded with the sale despite its knowledge that "an automatic stay was in place."
28   /////

1  (ECF 48 at 5.)  The Hodgsons reason Fidelity proceeded with the foreclosure "at the express
2  direction of EBI," thus conspiring "with EBI to divest the Hodgsons of their property."  (*Id.*)

3  Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more
4  definite statement of a pleading . . . [if it] is so vague and ambiguous that the party cannot
5  reasonably prepare a response."  The movant "must point out the defects complained of and the
6  details desired."  *Id.*  However, a Rule 12(e) motion "should not be used to test an opponent's
7  case by requiring [the opponent] to allege certain facts or retreat from [the] allegations."  *U.S.*
8  *E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1258 (E.D. Cal. 2012) (citation and internal
9  quotation marks omitted).

10  Additionally, "[a] Rule 12(e) motion for a more definite statement must be
11  considered in light of Rule 8's liberal pleading standards . . . ."  *C.B. v. Sonora Sch. Dist.*, 691 F.
12  Supp. 2d 1170, 1191 (E.D. Cal. 2010) (citing *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461
13  (C.D. Cal. 1996)).  That is, a pleading may survive a Rule 12(e) motion if the challenged
14  allegations provide sufficient notice.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).  A
15  court may also deny a Rule 12(e) motion if the details desired by the movant can be obtained
16  through discovery.  *C.B.*, 691 F. Supp. 2d at 1191.  Rule 12(e) motions "are viewed with disfavor,
17  and are rarely granted."  *Id.* (internal quotation marks and citation omitted).  Ultimately, the
18  decision whether to grant a Rule 12(e) motion lies within the wide discretion of a district court.
19  *Id.*

20  Here, the court finds the allegations are sufficient to provide notice to Fidelity of
21  the substance of the Hodgsons' claims.  While it is true that the allegations in the counterclaim
22  are not examples of upmost clarity and precision, it cannot be said they are so unintelligible that
23  Fidelity cannot be expected to frame a response.

24  In essence, the substance of plaintiff's allegations is that Fidelity conspired with
25  the other defendants to wrongfully foreclose on plaintiffs' property. (*See* ECF 33 ¶ 9.)  More
26  specifically, the Hodgsons allege that Fidelity "stated . . . there was a monetary default on a loan
27  in the amount of $52,795.03 at the time of the execution of the [notice of default ("NOD")]"
28  (ECF 33 ¶ 51) and "by use of the false NOD, [Fidelity] accelerated the loan and revoked [their]

3

1 existing . . . contract" (*id.*).  Additionally, the Hodgsons allege that Fidelity "acknowledged
2 receipt of notice of the automatic stay" (*id.* ¶ 117) and "had actual knowledge" that the "monetary
3 default it had identified in the NOD had been cured by [the] Hodgsons" (*id.* ¶ 118); Fidelity,
4 nevertheless, "proceeded with the foreclosure sale," in violation of its "equal unbiased duty to . . .
5 [the] Hodgson[s]" as a trustee and "in violation of the automatic stay" (*id.* 117).  Because the
6 allegations against Fidelity are not so unintelligible as to preclude Fidelity from preparing a
7 response, the court DENIES Fidelity's Motion for a More Definite Statement.  *See Neveu v. City*
8 *of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005) (noting that a "Rule 12(e) motion is
9 likely to be denied where the substance of the claim has been alleged, even though some of the
10 details are omitted" (citation and internal quotation marks omitted)).  In denying the motion, the
11 court expresses no opinion about the merits of plaintiff's allegations and whether they are
12 plausible, as that is not the function of a Rule 12(e) motion.  *See One Indus., LLC v. Jim O'Neal*
13 *Distrib., Inc.*, 578 F.3d 1154, 1160 (9th Cir. 2009) (encouraging avoidance of resolution of merits
14 issues, especially fact-sensitive questions, on Rule 12(e) motions; "Preserving such questions
15 until later in the litigation will help prevent . . . the losing party complain[ing] that it never had a
16 chance to make its case.").

17 III.     MOTION TO STRIKE

18          Fidelity argues "that the following defects should be stricken" from the Hodgsons'
19 counterclaim.  (ECF 40 at 1.)  First, Fidelity argues the word "malevolent" "used throughout the
20 pleading" should be stricken because it is used in a conclusory fashion.  (*Id.* at 1–2.)  Second,
21 Fidelity points to several paragraphs from the counterclaim as immaterial.  (*Id.* at 2.)  Finally,
22 Fidelity argues the following words are "inflammatory": "collaborated and conspired,"
23 "malevolent," "scheme," "stealing," and "deviant."  (*Id.* at 3.)

24          The Hodgsons respond that the use of the word "malevolent" in describing
25 counterdefendants' conduct is accurate.  (ECF 49 at 3–4.)  As to materiality, the Hodgsons
26 respond each statement is "material to show the malevolent nature" of defendants' conduct.  (*Id.*
27 at 4.)  Finally, the Hodgsons respond that counterdefendants' "actions were malevolent, included
28 a scheme to steal [the Hodgsons'] property, which they collaborated and conspired amongst

4

themselves to do, and each and every action taken by [c]ounterdefendants was illegal and deviant." (*Id.* at 4–5.)

Rule 12(f) authorizes courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A "redundant" matter is defined as the needless repetition of allegations or the inclusion of allegations that "are foreign to the issue." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). An "immaterial" matter has no essential or important relationship to the claim for relief being pleaded. *Id.* An "impertinent" matter does not pertain and is unnecessary to the issues in question. *Id.* Finally, a "scandalous" matter is that which improperly casts a derogatory light on a party to the action. *Id.*

The function of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). Despite this salutary function, motions to strike are viewed with disfavor because they too are often used as delaying tactics and because of the general policy favoring resolution of cases on the merits. *See Sliger v. Prospect Mortgage, LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011). Indeed, a motion to strike will be granted only if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1179 (S.D. Cal. 2012) (quoting *Walters v. Fid. Mortgage of Cal.*, 730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010)).

Moreover, in ruling on a motion to strike, a "court[] may not resolve disputed and substantial factual or legal issues . . . ." *Whittlestone*, 618 F.3d at 973 (internal quotation marks omitted). Just as with a motion to dismiss, courts view the challenged pleading in the light most favorable to the non-moving party. *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013). Ultimately, the decision whether to strike a matter lies within the sound discretion of a district court. *Whittlestone*, 618 F.3d at 974.

Here, the court finds Fidelity's arguments unpersuasive. First, as to the Hodgsons' use of the word "malevolent," Fidelity provides no meaningful argument as to why the word

5

should be stricken. It does not explain how the word "malevolent" is any different from the word "malice," a term that has been acceptable in pleadings for years. *See Reese v. Barton Healthcare Sys.*, 606 F. Supp. 2d 1254, 1266 (E.D. Cal. 2008) (noting that in federal courts, a party may rely on "conclusory averments of malice"). The Hodgsons maintain "they will be able to show that the conduct of [c]ounterdefendants [was] malevolent." (ECF 49 at 4.) Without making any factual determination, the court declines to order that word stricken.

Second, as to materiality, the Hodgsons have provided specific explanations as to how the challenged statements are material. (*See* ECF 49 at 4.) For example, among other things, the Hodgsons respond that defendants allegedly actively tried to purchase their property shows "the malevolent nature" of defendants' actions; that EBI was not registered with the California Secretary of State until February 2, 2013, shows EBI's illegal nature; and that the Hodgsons' property was in a prime location is material information with respect to damages. (*Id.*) The court is satisfied with those explanations. *See Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1132 (N.D. Cal. 2011) ("A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action.").

Finally, Fidelity's argument that the Hodgsons intentionally use "inflammatory language" is also unpersuasive. The Hodgsons' allegations, however strong, do not rise to the level of casting Fidelity in a "cruelly derogatory light." *See Holmes*, 966 F. Supp. 2d at 938. The Hodgsons' counterclaim is based on allegations that defendants conspired to deprive the Hodgsons of their real property and the challenged statements support that legal theory. (*See generally* ECF 33.) The Hodgsons maintain they will be able to prove their allegations. (*See* ECF 49 at 4–5.)

Because "the [c]ourt must view the pleadings in a light most favorable to the pleading party[,]" *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000), and because motions to strike are generally disfavored, *see Holmes*, 966 F. Supp. 2d. at 938, the court DENIES Fidelity's Motion to Strike.

/////

/////

6

IV. CONCLUSION

For the foregoing reasons, Fidelity's Motion for a More Definite Statement and Motion to Strike are DENIED.

IT IS SO ORDERED

DATED: July 22, 2014.

_____
UNITED STATES DISTRICT JUDGE