UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDELITY NATIONAL TITLE COMPANY, | No. 2:13-cv-02030-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| U.S. SMALL BUSINESS ADMINISTRATION, et al., | |
| Defendants. | |

This matter is before the court on a motion to withdraw by James J. Falcone, counsel for defendants Linda H. Hodgson and Fredrick W. Hodgson. ECF No. 234-1. The motion is unopposed. As explained below, the motion is GRANTED.

I.  LEGAL STANDARD

The local rules of this district require an attorney who would withdraw to obtain leave of the court upon a noticed motion. E.D. Cal. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.* California Rule of Professional Conduct 3-700 provides several

1

grounds upon which an attorney may seek to withdraw, including where "[t]he client knowingly and freely assents to termination of the employment," Cal. R. Prof. Conduct 3-700(C)(5), and where client's conduct has "render[ed] it unreasonably difficult for the member to carry out the employment effectively," Cal. R. Prof. Conduct 3-700(C)(1)(d).

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted). District courts in this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

II.     DISCUSSION

Good cause exists to grant Mr. Falcone's motion because defendants have not paid counsel's fees and costs and have failed to respond to Mr. Falcone's communications and repeated requests for payment. Falcone Decl. ¶ 1, ECF No. 234-2. As a result, Mr. Falcone states he has experienced difficulty in carrying out his representation, including handling other aspects of case strategy and procedure. *Id.* ¶ 3.

The attorney-client relationship cannot be maintained where as here there is an irremediable breakdown in communication between plaintiff and counsel such that counsel can no longer effectively represent plaintiff. *McNally*, 2010 WL 1687657, at *1–2 (withdrawal by counsel allowed where irreconcilable differences arose between counsel and client, and where client had not paid attorney's fees).

As required, counsel has provided complete contact information for defendants and served advance written and verbal notice to plaintiff. Falcon Decl. at 2.

Given that good cause exists, the court turns to whether there is a risk of prejudice to defendants if the motion is granted. Here, Mr. Falcone states defendants will not be left

without a lawyer because co-counsel Richard Anton Vantrood will continue to represent them. ECF No. 234-1 at 1.  Mr. Vantrood has served as defendants' counsel since January 2015, *see* ECF No. 159, and no prejudice appears if Vantrood proceeds without Falcone's assistance. Further, no other litigant contends prejudice will result from withdrawal.  Therefore, the court finds the risk of prejudice to defendants is minimal if not nonexistent if the motion is granted.

Considering Mr. Falcone's reasons for withdrawal, the absence of prejudice to defendants and other litigants, the absence of harm to the administration of justice, and the absence of possible delay, Mr. Falcone's motion to withdraw will be GRANTED.

III.    CONCLUSION

The motion to withdraw is GRANTED.

This order resolves ECF No. 234.

IT IS SO ORDERED.

DATED:  December 5, 2016.

_____
UNITED STATES DISTRICT JUDGE